IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLYDE L. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:18CV00449 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANDREW SAUL, | ) | By: Hon. Glen E. Conrad |
| Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff Clyde L. Baker has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g).

By order entered May 20, 2019, the court referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On December 19, 2019, the magistrate judge submitted a report in which he recommends that the court affirm the Commissioner's final decision. Plaintiff has filed objections to the magistrate judge's report, and the matter is now ripe for the court's consideration.

The court is charged with performing a de novo review of the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1)(B). In the instant case, the court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640, 642 (4th

Cir. 1966). Substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and citation omitted). Thus, "the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). In reviewing for substantial evidence, the court does not "re-weigh conflicting evidence, make credibility determinations, or substitute [the court's] judgment for that of the [Administrative Law Judge]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks and citation omitted).

The plaintiff, Clyde L. Baker, was born on October 24, 1967, and completed the seventh grade. (Tr. 39, 160). Mr. Baker has previously worked as a cleaner, laborer, and cleanup worker. (Tr. 69). He last worked on a regular and sustained basis in 2014. (Tr. 40). On June 16, 2014, Mr. Baker filed an application for disability insurance benefits. (Tr. 143). In filing his current claim, Mr. Baker alleged that he became disabled for all forms of substantial gainful employment on April 15, 2014, due to blindness in his left eye, numbness in his hands and feet, diabetes, and vision problems in his right eye. (Tr. 160, 164). Mr. Baker now maintains that he has remained disabled to the present time. The record reflects that Mr. Baker met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Mr. Baker's application was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 11, 2017, the Law Judge also determined, after applying the

five-step sequential evaluation process, that Mr. Baker is not disabled. See 20 C.F.R. § 404.1520.[1] The Law Judge found that Mr. Baker suffers from several severe impairments, including bilateral open angle glaucoma, severe on the left and mild on the right; central retinal vein occlusion; type two diabetes with mild nonproliferative diabetic retinopathy without macular edema in the right eye; bilateral cataracts; bullous keratopathy; diabetic neuropathy; and cervical spondylosis. (Tr. 17). However, the Law Judge determined that these impairments do not, either individually or in combination, meet or medically equal the requirements of a listed impairment. (Tr. 18). The Law Judge then assessed Mr. Baker's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. [§] 404.1567(b) except he can occasionally balance, stoop, kneel, and crouch, but never crawl.[2] He is limited to monocular vision with the right eye only and can have no more than occasional exposure to unprotected heights and moving mechanical parts.

(Tr. 18). Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge determined that Mr. Baker is able to perform his past relevant work as a cleaner. (Tr. 21). In the alternative, the Law Judge found that even if Mr. Baker is

---

[1] The process requires the Law Judge to consider, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and (5) if not, whether he can perform other work in the national economy. 20 C.F.R. § 404.1520. If a decision can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. Id.

[2] "Light work" is defined in the regulation as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

disabled for past relevant work, he retains the capacity to perform other work roles existing in significant number in the national economy. (Tr. 21–22). Accordingly, the Law Judge concluded that Mr. Baker is not disabled, and that he is not entitled to a period of disability or disability benefits. See generally 20 C.F.R. § 404.1520(f)–(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Baker has now appealed to this court.

While the plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether he is disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of physicians and other medical sources; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159–60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

As previously noted, the court referred the case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. In his report, the magistrate judge recommended that the court affirm the final decision of the Commissioner denying the plaintiff's claim for disability benefits. Succinctly stated, the magistrate judge determined that substantial evidence supports the Law Judge's finding that Mr. Baker retains the residual functional capacity to perform certain light work roles and is therefore not disabled under the Social Security Act.

In his objections to the report and recommendation, Mr. Baker takes issue with the magistrate judge's findings and conclusions as to three of the issues raised in his motion for summary judgment. The first issue is whether the magistrate judge erred in concluding that substantial evidence supports the Law Judge's decision to give only partial weight to the opinion of Dr. William Humphries, who performed a consultative examination on October 9, 2014. Based on his clinical findings and the available medical history, Dr. Humphries diagnosed plaintiff with left eye blindness; diabetes with peripheral neuropathy in all four extremities; mild degenerative joint disease ("DJD") in both hands; and possible DJD in the left shoulder. (Tr. 301). Dr. Humphries assessed plaintiff's functional capacity as follows:

> Based on objective findings of this evaluation, the examinee will be limited to sitting six hours in an eight-hour day, to standing and walking two hours in an eight-hour day, lifting 20 pounds occasionally and 10 pounds frequently. He is limited to occasional climbing, kneeling, and crawling. There will be no restriction regarding stooping or crouching. There will be no restriction regarding heights, hazards or fumes.

(Tr. 301).

Under the applicable regulations, the Law Judge must evaluate every medical opinion he receives, and consider a number of nonexclusive factors to determine the weight to accord each opinion. 20 C.F.R. § 404.1527(c). To facilitate meaningful review, the Law Judge "must state with particularity the weight given to different medical opinions and the reasons therefor." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011). Unless the Law Judge "explicitly indicates the weight given to all of the relevant evidence," a reviewing court cannot determine whether the Law Judge's findings are supported by substantial evidence. Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

5

Upon review of the record, the court agrees with the magistrate judge that the Law Judge did not err in declining to give full weight to Dr. Humphries' opinion. The Law Judge specifically articulated the weight he afforded to the opinion, as required by existing precedent. In particular, the Law Judge determined that Dr. Humphries' opinion was entitled to only "partial weight" because Dr. Humphries' findings were "not consistent with the totality of the evidence." (Tr. 20). The regulations expressly permit a Law Judge to assign weight to a medical opinion based on how "consistent [the] medical opinion is with the record as a whole." 20 C.F.R. § 404.1527(c)(4). Thus, the Law Judge clearly expressed a legitimate reason for discounting Dr. Humphries' opinion. The Law Judge also observed that Dr. Humphries was apparently unaware of the fact that Mr. Baker had sustained a cervical sprain as a result of a motor vehicle accident the previous month. The Law Judge reasonably observed that Mr. Baker's "recent acute injury . . . may have affected his performance during the examination, since other "objective examinations [in the record] show[] few abnormalities." (Tr. 20). Indeed, as the Law Judge noted in his decision, records from Mr. Baker's primary care providers indicate that he repeatedly exhibited full range of motion, no effusion or swelling, and intact sensation. (Tr. 20, 307, 311, 315, 322, 486, 557). Likewise, more recent examination records indicate that Mr. Baker had full range of motion; no swelling or musculoskeletal deformities; no clubbing, cyanosis, or edema; grossly intact nerve function; intact sensation; and no podiatric abnormalities. (Tr. 560). For these reasons, the court concludes that the Law Judge's decision to give only partial weight to Dr. Humphries' opinion is supported by substantial evidence. Accordingly, the plaintiff's first objection is overruled.

In his second objection, Mr. Baker argues that the magistrate judge erred in concluding that substantial evidence supports the Law Judge's assessment of his residual functional capacity

("RFC"). Mr. Baker contends that the Law Judge failed to properly consider his impairments on a function-by-function basis. In particular, Mr. Baker maintains that the Law Judge failed to adequately address Dr. Humphries' opinion that Mr. Baker can only stand and walk for two hours in an eight-hour day.[3]

Upon review of the record and applicable caselaw, the court agrees with the magistrate judge that the Law Judge's assessment of Mr. Baker's residual functional capacity is supported by substantial evidence. Although guidelines from the Social Security Administration instruct the Law Judge to take a "function-by-function" approach to determining a claimant's residual functional capacity, SSR 96-8p, 1996 SSR LEXIS 5 (July 2, 1996), the United States Court of Appeals for the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis."  Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015). Instead, the Court agreed with the Second Circuit that "'[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'"  Id. (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).

In this case, it is clear from the Law Judge's decision that he considered all of the limitations assessed by Dr. Humphries, including the two-hour limitation on standing and walking, but found that such limitation was inconsistent with the findings on physical examination and other evidence of record. The Law Judge expressly noted that "objective examinations show[]

---

[3] Mr. Baker also takes issue with the Law Judge's characterization of Dr. Humphries' opinion, arguing that the Law Judge "erroneously concludes that Dr. Humphries['] RFC opinion dictates a finding of a light RFC when it is clear that it is less than light due to the lifting, sitting and standing [limitations] opined by Dr. Humphries."  Pl.'s Objections 3, Dkt. No. 23. This argument is without merit. The Law Judge's decision accurately reflects Dr. Humphries' determination that Mr. Baker can perform the lifting requirements of light work, "but [can] stand or walk for no more than two hours in an eight hour work day and [only] occasionally climb, kneel, and crawl."  (Tr. 20); see also 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weight up to 10 pounds."). In any event, the Law Judge ultimately declined to adopt the two-hour limitation on standing and walking, and, for the reasons stated herein, the court is convinced that the Law Judge adequately explained his decision.

7

few abnormalities," and that many of Mr. Baker's symptoms are "well-controlled when he follows prescribed treatment." (Tr. 20). The Law Judge also emphasized that his RFC findings were supported by the opinions of the non-examining state agency physicians, Dr. William Rutherford and Dr. Michael Cole, both of whom determined that the two-hour limitation assessed by Dr. Humphries was not fully supported by the record, and that Mr. Baker is instead capable of standing and/or walking up to six hours in an eight-hour workday. (Tr. 83, 86, 95). For these reasons, the court concludes that the Law Judge adequately considered the limitations assessed by Dr. Humphries, and that substantial evidence supports the Law Judge's evaluation of Mr. Baker's residual functional capacity. Accordingly, the plaintiff's second objection is overruled.

In his third and final objection, Mr. Baker argues that the magistrate judge erred in concluding that the Law Judge's assessment of his testimony and subjective allegations is supported by substantial evidence. Although Mr. Baker testified at the administrative hearing that he experiences totally disabling pain, discomfort, and vision problems, the Law Judge found that the plaintiff's statements regarding the intensity and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. The Law Judge provided specific reasons for his decision to not fully credit the plaintiff's statements regarding the severity of his symptoms. For instance, although Mr. Baker testified that his vision problems prevent him from working, he acknowledged that he has an unrestricted driver's license and that he drives his son to school every day, which takes about an hour. (Tr. 19, 38, 49). The Law Judge also noted that Mr. Baker's blood sugar level improved dramatically when he complied with prescribed treatment, and that his subjective complaints of pain, weakness, and numbness "were not consistent with objective examinations, during which he exhibited full range of motion, no effusions, and intact sensation." (Tr. 20).

8

Upon review of the record, the court is unable to discern any reversible error in the Law Judge's credibility findings. The Law Judge considered Mr. Baker's medical history along with his own allegations regarding the symptoms of his physical impairments. The court agrees that the plaintiff's allegations of totally disabling symptoms are somewhat inconsistent with his admitted ability to drive on a daily basis, the objective findings on examination, and the evidence indicating that the plaintiff's symptoms of diabetes have improved, or would improve, with treatment compliance. Thus, the court is satisfied that substantial evidence supports the Law Judge's decision not to fully credit Mr. Baker's testimony. Consequently, the court must overrule the plaintiff's final objection.

In sum, after a <u>de novo</u> review of the record and for the reasons set forth above, the court is constrained to conclude that the final decision of the Commissioner is supported by substantial evidence. Accordingly, the plaintiff's objections to the magistrate judge's report are overruled, the magistrate judge's recommendation will be adopted, and the final decision of the Commissioner will be affirmed.

The Clerk is directed to send copies of this memorandum opinion to all counsel of record.

DATED: This 7th day of February, 2020.

*[signature]*
Senior United States District Judge